1   PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2   Name ___Herships_____Howard_____R_____
            (Last)            (First)         (Initial)

3   Prisoner Number _____

4   Institutional Address ___P.O. BOX 190711, SAN FRANCISCO, CA 94119-0711___

5

6   ================================================================

                    **UNITED STATES DISTRICT COURT**
7                 **NORTHERN DISTRICT OF CALIFORNIA**

8   Howard R. Herships
                                            )
    (Enter the full name of plaintiff in this action.)
9                                           )      CV  08      0992
                        vs.                 )   Case No. _____
10                                          )   (To be provided by the clerk of court)
    Santa Clara County Superior Court       )
11                                          )   **PETITION FOR A WRIT**
    Dept 89 Palo Alto                       )   **OF HABEAS CORPUS**
12                                          )
                                            )
13                                          )
                                            )
14  (Enter the full name of respondent(s) or jailor in this action)  )
                                            )
15                                          )

16  ================================================================
                    Read Comments Carefully Before Filling In

17  When and Where to File

18       You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23       If you are challenging your conviction or sentence and you were not convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located. If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined. Habeas L.R. 2254-3(b).

    PET. FOR WRIT OF HAB. CORPUS          - 1 -

1 | <u>Who to Name as Respondent</u>

2       You must name the person in whose actual custody you are.  This usually means the Warden or

3 jailor.  Do not name the State of California, a city, a county or the superior court of the county in which

4 you are imprisoned or by whom you were convicted and sentenced.  These are not proper

5 respondents.

6       If you are not presently in custody pursuant to the state judgment against which you seek relief

7 but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8 custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9 was entered.

10 <u>A.  INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11      1.  What sentence are you challenging in this petition?

12         (a)     Name and location of court that imposed sentence (for example; Alameda

13              County Superior Court, Oakland):

14           Santa Clara County Superior Court         Palo Alto

15           Court                       Location

16         (b)     Case number, if known   BB 517233

17         (c)     Date and terms of sentence   Pretrial

18         (d)     Are you now in custody serving this term?  (Custody means being in jail, on

19             parole or probation, etc.)          Yes _____     No _____

20             Where?

21             Name of Institution:   Out on Bail

22             Address: _____

23      2.  For what crime were you given this sentence?  (If your petition challenges a sentence for

24 more than one crime, list each crime separately using Penal Code numbers if known.  If you are

25 challenging more than one sentence, you should file a different petition for each sentence.)

26 459 California Penal Penal Code This is a Pre Trial writ to contest a denial of my Rights to put on "my

27 defenses under Faretta v California.

28 _____

PET. FOR WRIT OF HAB. CORPUS      - 2 -

1   3. Did you have any of the following?

2       Arraignment:                          Yes ✓        No _____

3       Preliminary Hearing:                  Yes ✓        No _____

4       Motion to Suppress:                   Yes _____    No _____

5   4. How did you plead?

6       Guilty _____    Not Guilty ✓    Nolo Contendere _____

7       Any other plea (specify) _____

8   5. If you went to trial, what kind of trial did you have?

9       Jury _____    Judge alone _____   Judge alone on a transcript _____

10  6. Did you testify at your trial?         Yes _____    No _____

11  7. Did you have an attorney at the following proceedings:

12      (a)   Arraignment                     Yes _____    No ✓

13      (b)   Preliminary hearing             Yes _____    No ✓

14      (c)   Time of plea                    Yes _____    No ✓

15      (d)   Trial                           Yes _____    No _____

16      (e)   Sentencing                      Yes _____    No _____

17      (f)   Appeal                          Yes _____    No _____

18      (g)   Other post-conviction proceeding  Yes _____   No _____

19  8. Did you appeal your conviction?        Yes _____    No _____

20      (a)   If you did, to what court(s) did you appeal?

21            Court of Appeal                 Yes _____    No _____

22            Year: _____    Result: _____

23            Supreme Court of California     Yes _____    No _____

24            Year: _____    Result: _____

25            Any other court                 Yes _____    No _____

26            Year: _____    Result: _____

27

28      (b)   If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS          - 3 -

1                petition?                            Yes _____     No_____

2         (c)    Was there an opinion?           Yes _____     No_____

3         (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                               Yes _____     No_____

5                If you did, give the name of the court and the result:

6                _____

7                _____

8 9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9 this conviction in any court, state or federal?         Yes ✓     No_____

10        [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11 challenged the same conviction you are challenging now and if that petition was denied or dismissed

12 with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13 for an order authorizing the district court to consider this petition. You may not file a second or

14 subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15 U.S.C. §§ 2244(b).]

16      (a)    If you sought relief in any proceeding other than an appeal, answer the following

17              questions for each proceeding. Attach extra paper if you need more space.

18            I.    Name of Court: _Superior Court of Santa Clara County_____

19               Type of Proceeding: _Motion for funding of defense_____

20               Grounds raised (Be brief but specific):

21                a._Appointment of Private Investiagtor to interview witnesses & compulsory_

22                b._serevice of process to obtain witnesses_____

23                c._Appoint of Expert Witnesse to contest the long distrance ID at over 300 ft_

24                d._request for Repoter's Transcript of 2nd Preliminary Hearing_

25               Result: _Denied_____ Date of Result: _Sept __, 07_

26            II.   Name of Court: _Calfirnia Court of Appeal Sixth Appellate District_

27               Type of Proceeding: _Writ of Mandate_____

28               Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS     -4-

a. Denial of of rights to prepare for a criminal trial for self represented

b. indigent defendant who was denied any all oppourtunity to prepare his

c. defenses when the superior court denied funding for access to put on a

d. defense based upon lack of funding

Result: Denied _____ Date of Result: _____

III.    Name of Court: California Supreme Court

Type of Proceeding: Petition for Review

Grounds raised (Be brief but specific):

a. Denial of the right to put on my defense under Faretta v California

b. when the Superior Court denial any and all opportunity to marshal any

c. defenses to the criminal charges by an indigent criminal defendant

d. Exhusation of all state remedies pursuant to Rule 8.508 CRC

Result: Denied _____ Date of Result: 12/19/07

IV.    Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result: _____ Date of Result: _____

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____    No ✓

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS       - 5 -

1    need more space. Answer the same questions for each claim.

2         [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3    petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4    499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5         Claim One:   The right to represent myself under Faretta and put on my defenses and given a

6         Fair opportunity to do so at a jury trial.

7         Supporting Facts:     The California Court have denied any and all funding to do so even through

8         petitioner is indigent and unable to pay for his defense, the Superior Court has denied funding

9         based upon budget problems and as such I cannot put on my defense to the reliability of the

10        long distance ID of over 300 plus feet away, nor I am permitted to interview witnesses.

11        Claim Two:    The California Courts have all denied me funding for a P.I. to interview witnesses

12        so that I can effectively confront witnesses against me as the Penal Code prohibits me from it.

13        Supporting Facts:     Reporters Transcripts shows that all funding has been denied and because

14        Penal Code Section 1054.2 prohibits release of any addresses and P.C. Sec. 1054.3 makes it

15        a criminal offense for petitioner to obtain said addresses the DA Office informed petitioner that

16        if he interviewed witnesses to marshal a defense he would be criminally charged.

17        Claim Three:   The California Court have refused to fund compulsory service of process for

18        witnesses as once again petitioner is not allowed addresses to said witnesses.

19        Supporting Facts:     The reporters transcript and minute orders are attached as all funding is

20        denied even copies of the Reporter's Transcript of the Second preliminary hearing and

21        petitioner has not means to purschase the transcripts for impeachment purposes.

22

23        If any of these grounds was not previously presented to any other court, state briefly which

24   grounds were not presented and why:

25   No

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 6 -

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

Milton vs Morris, 767 F2d 1443 (9th Cir 1985), Frantz vs. Hazey _F3ed _ N0. 05-16024(9th Cir1/22/08)

Tenn. vs Lane 541 US 509 (2004), Faretta vs Ca. 422 U.S. 806, McKaskle vs Wiggins 465 U.S. 174,

Ake vs Ok. 470 U.S. 68 (1985), Pointer vs Texas 380 US 400 (1965), continued see attached

Do you have an attorney for this petition?                                    Yes_____        No ✓

If you do, give the name and address of your attorney:

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____

              Date                                                    Signature of Petitioner

(Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS          - 7 -

PAGE 7 CONTINUED:

Washington vs Texas 388 U.S. 14, Neil vs Biggers 409 U.S. 188 at 198-199 (1972), Manson vs Braithwaite 432 U.S. 98 at 114 (1977), Griffin vs Illinois 351 US 12 (1956), Satterwhite vs. Texas, 486 U.S. 249 (1988) Brecht vs. Abrahsomson, 507 U.S. 619 (1993)  and jurisdiction is based upon Hensly vs Municipal Court 411 US 345, jurisdiction for Habeas Corpus in the District Court.

The denial of funding to prepare a defense under Faretta is structural error as it cases doubts as to the fairness of the trial process.

In this case Petitioner has absolutely no prospect of putting on any defenses to contest the long distance identification and the capability of the witnesses to even see what they claimed to have seen at a distance in excess of 300 feet away.

1                         Declare in Support Of federal Habeas Corpus

2       I declare as follows:

3       1. That I am the defendant in a criminal case entitled People of the State of California vs

4 Howard Herships, case number BB517233 currently pending in the Santa Clara County Superior

5 Court .

6       2. This case is set for a jury trial on March 17, 2008, in Dept 89 of Santa Clara County

7 Superior Court at the Palo Alto Court House.

8       3. That I have elected to represent myself In Pro Per in this case under my constitutional

9 rights to do so pursuant to Faretta vs California.

10       4. That the Superior Court of California County of Santa Clara at all times during this case

11 have refused to fund any and all of my defenses in this case.

12       5. That Santa Clara County Superior Court has determined that I am indigent under their

13 guidelines but have denied funding based upon budgetary problems.

14       6. That as a direct result I have been unable to prepare for a jury trial in this case as I have

15 been denied all of the following (1) copies of the second preliminary hearing transcripts, (2) the

16 ability to interview witnesses personally, or have funding for a private investigator to do so, (3)

17 appointment of an expert witness in the field of long distance identification contest the reliability

18 of an eyewitness identification so the jury can  gauged the eyewitness' opportunity to view the

19 perpetrator at a distance in excess of 300 feet away and through the sides of nine parked cars, (4)

20 the right to confront witnesses against me (5) ; the Sixth Amendment right to compulsory process

21 as the police report provided me has redacted addresses and phone numbers pursuant to the Penal

22 Code Section 1054.2 and the Santa Clara County Superior Court refuses to fund a private

23 investigator for compulsory service of process; (6) I am also unable to obtain records to impeach

24 the complaint in this case that he has actually extorted money from a co-defendant on these very

25 same charges who entered into a civil compromise pursuant to penal code section 1377-1378 upon

26 payment of $20,000.00.

      7. That based upon these denials of my rights I have been unable to prepare my defense in

1   a criminal jury trial under Faretta vs California currently set for March 17, 2008 as I have no ability

2   to obtain witnesses in my favor or to confront my accusers as I have been unable to either interview

3   them or have a private investigator do so all based upon a denial of funding.

4          8. That denials of my motions to fund said defenses have been ongoing for over 2 years and

5   have been all denied based upon  budgetary problems by the Court.

6          9. That Exhibits 1-7 are all true and correct copies of the originals.

7          10. That the only access to court that I have had in this case is access through the door way

8   of the court house and no access to any way to put a defense on in this criminal case as I have been

9   denied at every avenue that I have sought.

10         11 That if this jury trial is permitted to proceed then my federal constitutional rights have

11  been violated by the Santa Clara County Superior Court as I have no way to marshal the facts to

12  put before the jury in this case and sole basis for denial of my federal rights are budgetary

13  restrictions by the Court to fund even a rudimentary elements of my defenses.

14         I declare under penalty of perjury that all of the foregoing is true and correct under the Laws

15  of the United States.

16  Dated Feb. 19, 2008

17  at San Francisco, California

18                                          Howard Herships

19

20

21

22

23

24

25

26

2

# EXHIBIT 1

# POLICE REPORT WITH REDACTED
# ADDRESS INFORMATION
# PAGES 1-5

| REPORT TYPE | SUPPLEMENTAL | PALO ALTO POLICE ADDITIONAL PARTIES | NUMBER |
|---|---|---|---|

VANDALISM / FELONY     05-297-0172

"V" = VICTIM     "R" = REPORTING PARTY     "W" = WITNESS     "O" = OTHER

| | LAST, FIRST, MIDDLE (FIRM IF BUSINESS) | | RACE | SEX | DOB | AGE | HT |
|---|---|---|---|---|---|---|---|
| W1 | PERREAULT, DAVID | | W | M | | | 5-9 |

VICTIM ADVISED: ☐ SEXUAL ASSAULT ☐ VICAWT ASSIST. ☐ DOMESTIC VIOLENCE
INTERPRETER NEEDED: ☐ SPANISH ☐ VIETNAMESE ☐ OTHER

W2  SORENSON, GERALD     W  M  2/28/58

O   LINDQUIST  ELEANOR     W  F

BUSINESS NAME/SCHOOL NAME AND ADDRESS
DENIED

| VICTIM VEHICLE WAS: | STOLEN | IMPOUNDED | STORED | LEFT AT SCENE | RELEASED AT SCENE | HELD PRINTS | PRINTED |

P. DE SANTIAGO   05508  040505  3A     2800505  280505  PG 3 0

EXHIBIT    1
PAGE    1

REPORT TYPE ☐ SUPPLEMENTAL

VANDALISM/FELONY

**PALO ALTO POLICE SUSPECT PAGE**

NUMBER: 05-297-0172

LAST, FIRST, MIDDLE
S# 1   HACKWELL, KATRINA
AKA/MONIKER

RACE W   SEX F   AGE   HT 5-8   WT 145   HAIR BLN

RELATIONSHIP TO VICTIM

INTERPRETER NEEDED: ☐ SPANISH ☐ VIETNAMESE ☐ OTHER

BUSINESS NAME/SCHOOL NAME AND ADDRESS   CITY/STATE   ZIP

DL NUMBER   STATE CA   SSN   UNK.   CITED   GEN

CLOTHING

| HAIR STYLE | HAIR TYPE | FACIAL HAIR | BUILD | COMPLEXION | WEAPONS |
|---|---|---|---|---|---|
| ☐ A. AFRO | ☐ G. RECEDING | ☐ A. BEARD | ☐ A. HEAVY | ☐ A. ACNE/POCKED | ☐ B. CUTTING INST. |
| ☐ B. BALD/SHAVED | ☐ K. STRAIGHT | ☐ E. CLEAN SHAVEN | ☐ B. MEDIUM | ☐ B. DARK | ☐ C. HAND/FEET |
| ☐ D. BRAIDED | ☐ L. WAVY/CURLY | ☐ B. FU MANCHU | ☐ C. MUSCULAR | ☐ C. FRECKLED | ☐ K. REVOLVER |
| ☐ Q. COLLAR | ☐ M. WIG/TOUPEE | ☐ C. GOATEE | ☐ D. POT BELLY | ☐ D. LIGHT | ☐ F. RIFLE |
| ☐ O. CREW CUT | | ☐ H. LOWER LIP | ☐ G. SMALL | ☐ E. MEDIUM | ☐ B. SEMI AUTO |
| ☐ F. LONG | SPEECH | ☐ M. MUSTACHE | ☐ E. THIN | | ☐ H. SHOTGUN |
| ☐ H. PONY TAIL | ☐ A. ACCENT | ☐ J. SIDE BURNS | | APPEARANCE | ☐ D. SIMULATED |
| ☐ P. PUNK | ☐ B. LISP | ☐ F. UNSHAVEN | TEETH | ☐ C. BODY ODOR | ☐ J. UNKNOWN |
| ☐ J. SHORT | ☐ C. STUTTER | | ☐ D. GOLD | ☐ B. DISGUISE | ☐ E. OTHER |
| | | CLOTHING | ☐ E. MISSING | ☐ A. UNKEMPT/DIRTY | |
| GLASSES | HANDED | ☐ B. CAP/HAT | ☐ G. ROTTEN | ☐ B. WELL GROOMED | |
| ☐ B. GLASSES | ☐ LEFT | ☐ G. GLOVES | ☐ H. SILVER | | |
| ☐ A. SUNGLASSES | ☐ RIGHT | ☐ E. MASK | | ☐ ADDL. SEE NARRATIVE | |

UNIQUE IDENTIFIERS (cir 8)

SCARS, MARKS, TATTOOS ETC.
CODE: _____ LOC: _____
DESC: _____
CODE: _____ LOC: _____
DESC: _____

☐ ADDL. SEE NARRATIVE

CODE: S= SCARS  M= MARKS  P= PIER
T= TATTOO  MB= MISSING BOD

---

LAST, FIRST, MIDDLE
S# 2   HELSHIPS, HOWARD   RALPH
AKA/MONIKER

RACE N   SEX M   DOB 11/11/43   AGE   HT 6-0   WT 220   HAIR BRN

RELATIONSHIP TO VICTIM

INTERPRETER NEEDED: ☐ SPANISH ☐ VIETNAMESE ☐ OTHER

ADDRESS   135 FELL STREET SAN FRANCISCO CA, 94119   PHONE (415) 633-1416   PFN

BUSINESS NAME/SCHOOL NAME AND ADDRESS   CITY/STATE   ZIP   PHONE

DL NUMBER   S0663297   STATE CA   SSN   UNK.   CITED   GEN

CLOTHING

| HAIR STYLE | HAIR TYPE | FACIAL HAIR | BUILD | COMPLEXION | WEAPONS |
|---|---|---|---|---|---|
| ☐ A. AFRO | ☐ C. RECEDING | ☐ A. BEARD | ☐ A. HEAVY | ☐ A. ACNE/POCKED | ☐ B. CUTTING INST. |
| ☐ B. BALD/SHAVED | ☐ K. STRAIGHT | ☐ E. CLEAN SHAVEN | ☐ B. MEDIUM | ☐ B. DARK | ☐ C. HAND/FEET |
| ☐ D. BRAIDED | ☐ L. WAVY/CURLY | ☐ B. FU MANCHU | ☐ C. MUSCULAR | ☐ C. FRECKLED | ☐ K. REVOLVER |
| ☐ Q. COLLAR | ☐ M. WIG/TOUPEE | ☐ C. GOATEE | ☐ D. POT BELLY | ☐ D. LIGHT | ☐ F. RIFLE |
| ☐ O. CREW CUT | | ☐ H. LOWER LIP | ☐ G. SMALL | ☐ E. MEDIUM | ☐ B. SEMI AUTO |
| ☐ F. LONG | SPEECH | ☐ M. MUSTACHE | ☐ E. THIN | | ☐ H. SHOTGUN |
| ☐ H. PONY TAIL | ☐ A. ACCENT | ☐ J. SIDE BURNS | | APPEARANCE | ☐ D. SIMULATED |
| ☐ P. PUNK | ☐ B. LISP | ☐ F. UNSHAVEN | TEETH | ☐ C. BODY ODOR | ☐ J. UNKNOWN |
| ☐ J. SHORT | ☐ C. STUTTER | | ☐ D. GOLD | ☐ B. DISGUISE | ☐ E. OTHER |
| | | CLOTHING | ☐ E. MISSING | ☐ A. UNKEMPT/DIRTY | |
| GLASSES | HANDED | ☐ B. CAP/HAT | ☐ G. ROTTEN | ☐ B. WELL GROOMED | |
| ☐ B. GLASSES | ☐ LEFT | ☐ G. GLOVES | ☐ H. SILVER | | |
| ☐ A. SUNGLASSES | ☐ RIGHT | ☐ E. MASK | | ☐ ADDL. SEE NARRATIVE | |

UNIQUE IDENTIFIERS (cir 8)

SCARS, MARKS, TATTOOS ETC.
CODE: _____ LOC: _____
DESC: _____
CODE: _____ LOC: _____
DESC: _____

☐ ADDL. SEE NARRATIVE

CODE: S= SCARS  M= MARKS  P= MB
T= TATTOO  MB= MISSING BO

SUSPECT VEHICLE   SUSPECT# 2   YEAR 1997   MAKE JEEP   MODEL   BODY TYPE 4X4   COLOR WHITE   LICENSE# 3VLK717

ADDITIONAL IDENTIFIERS   ☐ LOWERED ☐ RAISED ☐ SPECIAL PAINT ☐ STICKER, WHERE ☐ MISC BODY/TOP

RO'S NAME (LAST, FIRST, MIDDLE) ☐ SAME AS SUSPECT # 1   ADDRESS   CITY/STATE   ZIP   DAMAGE TO VEHICLE

SUSPECT VEHICLE WAS: ☐ STOLEN ☐ IMPOUNDED ☐ STORED ☐ LEFT AT SCENE ☐ RELEASED AT SCENE ☐ HELD FOR PRINTS ☐ PRINTED

OFFICER'S NAME   C. DE SANTIAGO   ID NUMBER D0803   DATE 24OCT05   WATCH/DIVISION 5A   SUPERVISOR REVIEW   ID NUMBER   DATE   PG 2

2

**PALO ALTO ___ E DEPARTMENT**
275 F___ T AVENUE
PALO ALTO, CA. 94301
(415) 329-2496

CASE NUMBER: 05-297-0172

| | |
|---|---|
| INJURY | |
| BOOKING | |
| CITE & RELEASE | |

REPORTING DISTRICT

TYPE OF FORCE: A. FIREARM, B. HANDS/FEET, C. KNIFE/CUTTING, E. OTHER

REPORT TYPE / CLASSIFICATION: VANDALISM / FELONY

OCCURRED: ON OR FROM 24 OCT 05 1330 HRS
TO 24 OCT 05 1415 HRS
REPORTED 24 OCT 05 1413 HRS

LOCATION OF EVENT: 249 CALIFORNIA AVE, LOT C-6

"V" = VICTIM    "R" = REPORTING PARTY    "W" = WITNESS    "O" = OTHER

V KIRSCH, STEVE    STATE OF CA. RACE W SEX M AGE H 5-11 16

VICTIM VEHICLE #1: YEAR 2005 MAKE TOYOTA MODEL RAV4 BODY TYPE 4-DOOR COLOR WHITE LICENSE PROPEL

NAME AS VICTIM # 1

VICTIM VEHICLE WAS: STOLEN / IMPOUNDED / STORED / LEFT AT SCENE / RELEASED AT SCENE / HELD F-PRINTS / PRINTED

**LOST OR STOLEN PROPERTY (NOT FOR EVIDENCE)**

| ITEM | QTY | BRAND | MODEL | TYPE / DESCRIPTION OF PROPERTY | SERIAL NO. | VAL |
|------|-----|-------|-------|-------------------------------|------------|-----|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**TYPE OF PREMISE**
- A. APARTMENT
- C. CONDO
- E. DRUG/MEDICAL
- F. FINANCIAL INSTITUTION
- H. HOTEL/MOTEL
- I. RELIGIOUS INSTITUTION
- O. RESTAURANT/BAR
- R. SCHOOL

**POINT OF ENTRY**
- A. ADJACENT BLDG.
- B. DOOR
- C. WINDOW
- D. GARAGE DOOR/WINDOW
- G. ROOF/DOOR/DUCT/VENT/SKYLIGHT
- I. UNKNOWN

**METHOD OF ENTRY**
- A. BODILY FORCE
- C. CHANNEL LOCK
- D. CUTTING TOOL
- E. NO FORCE/KEY
- G. ORGANIZED LOCKED
- H. PRY TOOL
- I. PUNCH
- J. SLIP LOCK

- K. WINDOW SMASH
- L. UNKNOWN

**SUSPECT ACTIONS**
- B. ATE/DRANK ON PREMISE
- C. CAT BURGLAR
- D. COVERED HANDS
- E. DEFECATED
- F. DISABLED ALARM
- G. DISABLED ELECTRICITY
- I. DISABLED PHONE

- P. RANSACKED
- Q. RUMMAGED
- R. USED MATCHES
- S. USED V's PROPERTY TRANSPORT GOODS

**DOMESTIC VIOLENCE**
- A. ALCOHOL/DRUGS
- B. CHILDREN PRESENT
- C. PRIOR CONTACT WITH SUSPECT

V. DE SANTIAGO    D03X2 24 OCT 05    RA

3

| REPORT TYPE / CLASSIFICATION (CIRCLE) | ...MENTAL. | PALO ALTO POLIC CONTINUATION | CASE NUMBER |
|---|---|---|---|
| Vandalism/Felony | | | 05-297-0172 |

1  Later that evening I contacted Kirsch via telephone. Kirsch told me that he had taken
2  his vehicle to two separate repair shops to get an estimate on repair cost. He stated
3  that both shops had quoted him over $500.00 in repair cost. He said he would provide
4  me with a copy of the estimate to book as evidence.
5
6  On 10-25-05, I contacted Hartwell, Herships and Lindquist via telephone, and obtained
7  the following statements.
8
9  **Statement of Hartwell:**
10
11  She was standing at the parking lot next to her vehicle. Herships and Lindquist were
12  both with her at the time. Kirsch approached her in a "menacing" manner and pointed
13  an unknown object at her. She felt threatened by Kirsch's actions. Herships was only
14  defending her when he confronted Kirsch. She believed that Kirsch was attempting to
15  get her license plate number. Kirsch and Herships exchanged words for approximately
16  30 seconds. Kirsch then walked away. She stated that Kirsch had stalked her in the
17  past. She stated that she had filed a police report, but was unable to provide me with a
18  case number. She stated that she never went near Kirsch's vehicle.
19
20  **Statement of Herships:**
21
22  He stated that Hartwell, Lindquist, and himself were standing next to Hartwell's vehicle.
23  As they were about to get into the vehicle, Kirsch approached them in an "aggressive"
24  manner and began "harassing" them. He told Kirsch to get away from them and called
25  him an idiot. Kirsch was attempting to obtain the license plate number from Hartwell's
26  vehicle. He nor Hartwell never went anywhere near Kirsch's vehicle. He stated that
27  Kirsch has stalked Hartwell in the past. He told me that there was a police report filed,
28  but could not provide me with the case number. He stated that the report was filed with
29  the Santa Clara County Sheriff's Department, and that he would provide me with the
30  case number later in the evening.
31
32  **Statement of Lindquist:**
33
34  She is a small claims court advocate assigned to Hartwell. She stated that Hartwell and
35  herself were at the parking lot waiting for Herships. She stated that Kirsch approached
36  them both in the parking lot. Herships was not with them at the time. She stated that
37  Kirsch literally began chasing them both around Hartwell's vehicle. They were trying to
38  get into the vehicle, but were unable to. She asked Kirsch if the car parked across from
39  Hartwell's vehicle belonged to him. She then told him to just leave them alone and get
40  into his vehicle. After a few seconds, Herships arrived at their location and confronted
41  Kirsch. She was not sure if Herships and Kirsch exchanged words. Kirsch left shortly
42  there after. She was adamant about them not going anywhere near Kirsch's vehicle.
43
44  **RECOMMENDATION:**
45
46  Prosecute Hartwell and Herships, via complaint, for felony vandalism (PC 594(b)(1)

| OFFICERS NAME | ID NUMBER | DATE | SUPERVISOR REVIEW | ID NUMBER | DATE |
|---|---|---|---|---|---|
| G. De Santiago | D0308 | 24 Oct 05 | | D003 | 25 OCT 05 |

PAGE: 3

| REPORT TYPE / CLASSIFICATION (CIRCLE) | | PALO ALTO POLICE | CASE NUMBER |
|---|---|---|---|
| Vandalism/Felony | MENTAL | CONTINUATION | 05-297-0172 |

1 **SYNOPSIS:**
2
3  Two witnesses observed two suspects approach the Victim's car and swing their arms
4  as if they were striking the car.  The Victim later discovered that his vehicle had been
5  keyed/scratched with an unknown object.  The case will be forwarded to the District
6  Attorney's Office for review.
7
8  **INVESTIGATION:**
9
10  On 10-24-05 at approximately 1425 hours, I was dispatched the lot C-6 ( directly to the
11  rear of 248 California Ave) to meet with the victim of a vandalism.  Upon my arrival, I
12  met with the Victim (later identified as Kirsch, Steve) who gave me the following
13  statement.
14
15  **Statement of Victim Kirsch:**
16
17  He parked and locked his vehicle at parking lot C-6 at approximately 1330 hours.  He
18  walked into the courthouse to attend a post-judgment hearing in which the suspects
19  (later identified as Suspect #1 Hartwell, Katrina and Suspect #2 Herships, Howard)
20  were also going to participate.  The hearing was in regards him suing Hartwell for a
21  violation of "junk fax" laws, which he had initiated approximately 2 years ago.
22
23  At approximately 1415 hours once the post-judgment hearing was over, he returned to
24  lot C-6 where Hartwell had also parked her vehicle.  There he saw both Hartwell and
25  Herships.  He walked over to Hartwell's vehicle and used his cell phone to verbally
26  record the license plate from Hartwell's vehicle.  As he was dictating the license plate
27  into his cell phone, he was confronted by Herships.  Herships told him to get the hell out
28  of there and began walking towards him in an aggressive manner.  He was able to
29  obtain the license plate (verbally) on his cell phone, and also recorded Herships telling
30  him to get the hell out there.  Kirsch also stated that Herships threatened him by calling
31  him a fucken idiot and stating that he should punch him.  Kirsch was able to record
32  Herships when he threatened him.  Kirsch then walked to the front of the court building
33  where his court appointed "receiver" (later identified W#2 Sorenson, Gerald) and his
34  attorney (later identified as W#1 Duperrault, David) were standing.  Kirsch stated that
35  before he walked away from Hartwell and Herships, another female (later identified as
36  Lindquist, Eleanor) who was with them pointed at his vehicle, which was parked directly
37  across from Hartwell's vehicle, and asked him if the vehicle belonged to him.  He told
38  the female that the vehicle did belong to him.
39
40  Kirsch stated that Herships was only an associate of Hartwell.  He described Hartwell's
41  vehicle as a white 4X4 Jeep, CA license plate #3VLK717.
42
43  When Kirsch returned to his vehicle, he discovered that the vehicle had been
44  vandalized.  He saw that the driver's side rear door had been scratched with an
45  unknown object.  He then notified the Deputy Sheriff's inside the courthouse, who told
46  him to contact the PAPD.

| OFFICER'S NAME | ID NUMBER | DATE | SUPERVISOR REVIEW | S# NUMBER | DATE |
|---|---|---|---|---|---|
| C. De Santiago | DD308 | 24 Oct 05 | | nmp.3 | 25 OCT 05 |
| | | | | | PAGE: 1 |

*5*

# EXHIBIT 2
# EX PARTE APPLICATION FOR FUNDING
# BEFORE SANTA CLARA COUNTY
# SUPERIOR COURT
# FOR CRIMINAL DEFENSE IN CASE
# ENTITLED PEOPLE OF THE STATE OF
# CALIFORNIA VS HERSHIPS
# PAGES 6-14

1  Howard Herships
   P.O. Box 190711
2  San Francisco, Ca 94119-0711
   (415) 216-8470
3

4  In Pro Per

5                                    **FILED** (ENDORSED)

6                                    SEP 28 2007

7                                    KIRO TORRE
                                     CLERK OF THE Superior Court/Clerk
8                                    Superior Court of Santa Clara
                                     By_____ DEPUTY
         SUPERIOR COURT OF CALIFORNIA

9              COUNTY OF SANTA CLARA

10

11 People of the State of California        CASE No. BB 552231   517233

12                     Plaintiff,          EX PARTE APPLICATION FOR
                                           APPOINTMENT AND FUNDING
13                                         FOR EXPERT WITNESSES AND
           Vs.                             FUNDING FOR PRIVATE
14                                         INVESTIGATOR AND SERVICE OF
   Howard Herships                         PROCESS ON WITNESSES
15
                     Defendant.
16

17      Defendant Howard Herships, herein moves this Court for appointment and Funding for two

18 Expert Witnesses to contest issues at a jury trial in the above entitled case.

19      Defendant is indigent and has no source of funding for the witnesses to contest the following

20 issues.

21      1. Identification of defendant herein by two witnesses that the People intend to call which

22 occurred at a distance in excess of 300 feet away and who described that they observed defendant's

23 facial expressions and by the fact that defendant was wearing large glasses, when in reality a person

24 with 20/20 vison uses all ability to even recognize a party's facial recognition at a distance in excess

25 of 172 feet, see Exhibit 1.

26      2. Co-defendant has already accepted a civil compromise pursuant section 1377 of the

27

28                                         1

EXHIBIT
2
PAGE 6

1    California Penal Code upon payment to complaint Steven Todd Kirsch of $20,000.00 and admitted

2    to "key" Kirsch's Car. It is defendant's contention herein that a Tool Mark Expert could determine

3    that the marks on Kirsch's car were made by the same instrument, i.e. co-defendant's key.

4        3. Defendant also needs full funding for a private investigator to interview witnesses and take

5    pictures showing that it was physically impossible to have observed what the two witnesses stated

6    to the police officer from within there location inside the Palo Alto Court House.

7        4. Additionally, as because defendant has elected to proceed In Pro Per in this case defendant

8    is unable to obtain service of process and to interview witnesses and is unable to prepare a

9    meaningful defense in this case.

10       5. That I have spoken to the two experts and have received the costs estimates for said

11    testimony in this case which is as followed.

12       6. For Expert Witness Geoffrey Loftus has quoted me $4,500.00 as exhibit 2 states his costs

13    regarding the issue of the identification at the distances involved in this case.

14       7. For Expert Witness Richard Ernest has quoted me $4,500.00 to testify regarding taking

15    an impression of the key marks to show that the marks were from the same key, i.e. that of co-

16    defendant Heartwell, see Exhibit 3.

17       8. Additionally, defendant needs the full funding for his court appointed private investigator

18    to prepare for the jury trial in this case to interview the two purported witness in this case as

19    defendant is not allowed to contact any witnesses and as such defendant is unable to prepare any

20    meaningful defense at the jury trial in this case.

21       9. Defendant in this case also need funding to obtain service of process the total cost of this

22    funding is $4,500.00 according to the private investigator which this court assigned.

23       10. Defendant also needs an order for the reporter's Transcript of the second preliminary

24    hearing in this case which is necessary for impeachment of witnesses in this case.

25    Dated August 22, 2007

26                                    Howard Herships

27

28                              2

7

1  DECLARATION IN SUPPORT OF EX-PARTE APPLICATION FOR EXPERTS & FUNDING

2     I declare as follows:

3     1. That I am the defendant in the above entitled case and if called to testify I can do so based
4  upon first hand personal knowledge.

5     2. That I have contacted the two Expert Witnesses to testify at the jury trial in this case
6  currently pending in this Court and they have quoted $4,500.00 each to testify and prepare the issues
7  in this case for a jury trial.

8     3. That I am also unable to interview witnesses listed in the Police Report in this case due
9  to the fact that I am representing myself, nor I am allowed to obtain service of process for these
10  witnesses at the up and coming jury trial.

11     4. That this Court appointed a private investigator but has not fully funded him to both
12  interview witnesses and also obtain service of process on witnesses so that I can put on a meaningful
13  defense.

14     5. The private investigator has quoted the total costs to be $4,500.00.

15     6. That if this funding is denied then I will not be able to put on a meaningful defense on the
16  issues of Identification, that the Key Marks were made by the co-defendant and that I will be unable
17  to obtain any interviews of the witnesses and also be unable to obtain service of process of witnesses
18  and thus further deny me a meaningful defense at a criminal jury trial in violation of federal
19  protected rights.

20     7. That I am indigent and my only source of income is social security/disability and I have
21  no other savings account or other assets to pay the $13,500.00 to prepare for and obtain a meaningful
22  defense in this case.

23     I declare under penalty of perjury under the laws of the State of California that all of the
24  foregoing is true and correct.

25  Dated August 22, 2007

26                                    Howard Herships

27

28                          3

POINTS AND AUTHORITIES

I

AN INDIGENT CRIMINAL DEFENDANT
HAS FEDERAL CONSTITUTIONAL RIGHT
TO OBTAIN THE APPOINTMENT OF
EXPERT WITNESSES TO PUT ON A
MEANINGFUL DEFENSE AND THAT
FAILURE TO APPOINT AND FUND
APPOINTMENT VIOLATES A
CRIMINAL DEFENDANT'S FEDERAL
PROTECTED RIGHTS TO DUE PROCESS
LAW.

The "ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. In every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process...." *(Strickland, supra*, at p. 696.)

Additionally, the failure of the county to funding for a transcript of the second preliminary hearing and expert witness fees would amount to a denial of meaningful defense as required by U.S. Supreme Court Mandates.

Defendant herein asserts that an identification by the purported two witnesses which were located inside the Palo Alto Court House looking out the emergency exit doors could observed anybody's facial expressions and that defendant was even wearing glasses and done a distance of excess of 300 feet away. Defendant herein needs the benefit of an expert witness Geoffrey Loftus could explain why eyewitness identification is physically impossible as all facial recognition is loss at 172 feet, see Exhibit 1.

Additionally, defendant in this case needs the appointment of expert witness to also place before the jury that the key marks are also consistent the marks made by co-defendant in this case who has admitted to making said marks.

Under the due process clause of the United States and California Constitutions and the Sixth Amendment right to counsel, Rodriguez, an indigent, was guaranteed **the right to**

4

9

1   ancillary services. (*Ake v. Oklahoma* (1985) 470 U.S. 68; *Corenevsky v. Superior Court*
2   (1984) 36 Cal.3d 307.) "The right to counsel includes the right to the use of any experts
3   that will assist counsel in preparing a defense." (*County of Los Angeles v. Commission*
4   *on State Mandates* (1995) 32 Cal.App.4th 805, 814, citations omitted; *In re Ketchel*(1968)
5   68 Cal.2d 397, 399-400 ["'A fundamental part of the constitutional right of an accused
6   to be represented by counsel is that his attorney ... is obviously entitled to the aid of
7   such expert assistance as he may need ... in preparing the defense.' " Citations
8   omitted].) In California a trial court also has statutory authority to appoint an expert
9   to testify as a witness at the county's expense. (Evid. Code, §§ 730, 731, subd. (a); Gov't
10  Code, § 29603; Pen. Code, § 987.2.)

11       Thus the county is required to pay for the ancillary services defendant needs at trial.
12  (*County of Los Angeles v. Commission on State Mandates, supra,* 32 Cal.App.4th at p. 815;
13  *Worthy, supra, at p.* 520.)    Defendant, an indigent and representing himself, is
14  "constitutionally entitled to those defense services for which he demonstrates a need."
15  (*Worthy, supra,* at p. 520, citing to *Puett v. Superior Court* (1979) 96 Cal.App.3d 936;
16  *People v. Faxel* (1979) 91 Cal.App.3d 327.). (See *Ake v. Oklahoma, supra,* 470 U.S. 68 and
17  *Caldwell v. Mississippi* (1985) 472 U.S. 320.)

18       Defendant is also entitled these funds to obtain the reporter's transcript of the second
19  preliminary hearing for impeachment purposes and the court is duty-bound to grant the
20  request.

21       *Tran v. Superior Court (People)* (2001) 92 Cal.App.4th 1149 (*Tran*) illustrates why.
22  Tran was indigent. He was represented in a capital murder case by Leslie Abramson. Her
23  negotiated fee of $300,000 was to be paid by Tran's relatives. The retainer did not cover
24  expert and investigative fees. (*Id.*, at p. 1154.) Abramson made an application under section
25  987.9 for $17,369.70 "for investigation, a psychological evaluation, an interpreter, and
26  transcriber services." (*Id.*, at p. 1153.) The trial court denied her request. On appeal, the
27
28                                         5

                                                                              *10*

1  appellate court found Tran's indigent status was not "alter[ed]" because his relatives paid
2  Abramson's retainer. (*Id.*, at p. 1154, citing to *Anderson v. Justice Court* (1979) 99
3  Cal.App.3d 398, 402-403.) Tran had demonstrated he had no right to use the retainer to pay
4  for ancillary services and that Abramson had no obligation to provide services not expressed
5  in writing. (*Tran*, at p. 1153.) Thus, when the lower court denied the funding request, the
6  ruling "impinged on his right to counsel of his choice[.]" (*Id.*, at p. 1157.) Rodriguez's
7  situation paralleled Tran's. Thus counsel had a meritorious motion for public funds to hire
8  a necessary expert.

9       The expert fees are of $4,500 was very reasonable. (Cf. *People v. Gaglione* (1994)
10  26 Cal.App.4th 1291 [expert's fee was $10,000]; *Tran* demonstrates that defendant has a
11  valid basis to request funds for expert fees and a preliminary transcript.

12       The failure to provide statutory funding for necessary, incidental trial expenses was
13  unreasonable under all the circumstances because the expert's testimony and the trial
14  transcripts were tools vital to defendant's effective representation at the trial.

15       Furthermore, defendant also needs full funding for the private investigator in this case
16  in order to interview witnesses prior to the date of jury and also to obtain service of process
17  of witnesses at trial which defendant is not able to do as defendant is not allowed to obtain
18  addresses of the witnesses listed in the Police report as defendant is representing himself.
19

20       WHEREFORE, defendant requests full funding for the appointment of the two expert
21  witnesses as well as full funding for Edward Anderson private investigator in the amount of
22  $13,500.00. And the release of the reporter's Transcript of the second preliminary hearing.
23  Dated August 22, 2007

24                                                        Howard Herships
25
26
27
28                                          6



Figure 4. Demonstration of low-pass filtering and its relation to distance. The columns represent 3 distances ranging from 5.4 to 172 ft. Top row: contrast energy spectrum at the 3 distances (averaged across orientations). Second row: Assumed low-pass MTF corresponding to the human visual system. Third row: Result of multiplying the filter by the spectrum: With longer distances, progressively lower image frequencies are eliminated. Bottom row: Filtered images—the phenomenological appearances at the various distances — that result.

12

http://mail.google.c   .v/mail/?ik=f94605e747&view=cv&search=it

## Expert witness testimony  mbox

⚫ howard herships Mr. Loftus. I need an expert 9/13/06
  Geoffrey Loftus to  show details 9/13/06  ⁄  Reply

Dear Mr. Herships. I'd be happy to work on this case. I've testified in
Santa Clara County in the past.

You might let the Court know that I charge $225/hour (plus expenses) for any
work I do on a case, and that my resume can be found at,

http://faculty.washington.edu/gloftus/CV/CV.html

In a typical California case, assuming I testify, I would probably send a
bill for approximately $4,500.

Sincerely, Geoff Loftus

Geoffrey R. Loftus, PhD        Office: (206) 543-8874
Box 351625                     Home:  (206) 780-6901
Department of Psychology       Mobile: (206) 605-1974
Guthrie Hall, Room 134         Fax:    (206) 685-3157
University of Washington       email:
gloftus@u.washington.edu
Seattle, WA 98195              Web:
http://faculty.washington.edu/gloftus

>
> From: "howard herships" <hherships@gmail.com>
> Date: Wed, 13 Sep 2006 08:51:32 -0700
> To: gloftus@u.washington.edu
> Subject: Expert witness testimony
   Show quoted text -

↩ Reply  → Forward  Invite Geoffrey to Gmail

⚫ howard herships On 9/13/06, Geoffrey Loftus < Apr 1

⚫ howard herships  show details Apr 1 ✐  ⁂  Reply

Mr. Loftus,

This case is still pending as there was problems with the assigned judge who failed to disclosed to me that she had financial dealings with the complaining party.

This case getting closer to a preliminary hearing.

I am attaching copies of the Police report and also photographs of the parking lot in Palo Alto and also the complaint's party car which had blacked out windows which shows up in the picture taken by the Police Officer.

I had an aborted preliminary hearing prior to the judge disqualifying herself the two witnesses testified that saw me looking through the right rear door window and then

🗗 New window
⊕ Print all
⊞ Expand all
⊞ Forward all

Would you like to...

🗓 Add to calendar
   appointment pendin:
   Mon Apr 2, 2007

                Sponsored Lin

Constr. Expert Witness
Litigation consuling and
testimony for constructio
www.interface-consulting

LECG Expert Witness
Highly Credentialed Expe
From the World's Premie
www.LECG.com

More about...
Expert Witness »
Expert Testimony »
Class Action Expert »
Attorney Malpractice Exp

                Related Page

Billerica wins case on pr
taxes
Boston Globe - 12 hours
The Middlesex Retireme
lost a court battle agains

LegalNet Left Frame
The California Legal Cor
On-Line Resource for Inc
www.americanlegalnet.c

Taipei Times - archives
Original English-languag
coverage of Taiwan.
www.taipeitimes.com

More related pages »

                About these lin

5/13/2007 3:57 PM

/3

Expert Witness Richard Ernest, Alliance    rensics Laboratory & Co...    http://www.almex    ts.com/ExpertWitness/RecordDetail.aspx?reco.

close this window
print this expert/company profile



## Richard Ernest, Alliance Forensics Laboratory & Consultants

6058 E. Lancaster Ave.
Fort Worth, TX 76112
Phone: (817) 228-6526
Alt. Phone: (817) 485-1180
Fax: (817) 498-6375
Website: www.a-gunlab.com

**Profile:**
Areas of specialty include: Forensic Firearms & Toolmarks Examinations, Questioned Document Analysis, Fraudulent Document Analysis, Forensic Serology-Conventional and DNA Testing, Courtroom Demonstrative Evidence. Every expert at Alliance has many years of experience in the Forensic Sciences (20+ years) and vast courtroom experience in their field of expertise.

**Education/Licenses:**
Individual Consultants: BSs to PhDs

**Primary Area of Expertise:** Firearms/Ballistics

### Area(s) of Expertise

- Ammunition (1)
- Bullet Identification (6)
- Computer Scanned Documents (1)
- Crime Scene Investigation/Reconstruction (12)
- Demonstrative Evidence (34)
- Document Analysis (19)
- Document Classification (10)
- Document Examination (100)
- Document Identification (17)
- Document/Record Analysis (12)
- Facsimile Identification (2)
- Fingerprints (23)
- Firearm Testing (4)
- Firearms (10)
- Firearms Examination (5)
- Firearms Explosions (8)

- Firearms/Ballistics (43)
- Footprint/Shoe Identification (7)
- Gunshot Residue (5)
- Gunshot Trajectory (5)
- Gunshot Velocity (6)
- Handwriting Analysis (69)
- Handwriting Comparison (18)
- Ink Identification (5)
- Latent Print Analysis (5)
- Photocopy Identification (3)
- Questioned Documents (19)
- Records Alterations (9)
- Text Restoration (1)
- Tire/Tread Mark Analysis (4)
- Tool Mark Analysis (5)
- Typewriting Identification/Analysis (14)

Printed from ALMExperts.com ©Copyright ALM Properties Inc.

5/13/2007 8:52 A

14

EXHIBIT 3
REPORTER'S TRANSCRIPT OF THE
HEARING FOR FUNDING OF A PRO SE
CRIMINAL DEFENDANT'S REQUEST FOR
FUNDING OF "HIS DEFENSE"
BEFORE SANTA CLARA COUNTY
SUPERIOR COURT
WHICH DENIED SAID REQUEST BASED
UPON LACK OF FUNDING
PAGES 15-18

1    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2    SANTA CLARA COUNTY JUDICIAL DISTRICT

3    SAN JOSE FACILITY

4    HONORABLE RANDOLP RICE, JUDGE

5    DEPARTMENT 24

6    ---oOo---

7    THE PEOPLE OF THE STATE OF     )
     CALIFORNIA,                   )
8                                  )    Case No. BB517233
           Plaintiff,             )
9                                  )    Charge:
         vs.                       )    M(01)PC594(a)/(b)(1)
10                                 )
     HOWARD RALPH HERSHIPS,        )
11                                 )
           Defendant.             )
12    _____)

13    ---oOo---

14

15    REPORTER'S TRANSCRIPT OF PROCEEDINGS

16    Hearing on Motions

17    May 30, 2007 - p.m.

18

19

20

21    A P P E A R A N C E S :

22    FOR THE PEOPLE: Dana Overstreet, Deputy District Attorney

23    FOR THE DEFENDANT: Pro Per

24    Official Court Reporter:   Tina M. White, CSR
                                 License No. 9141

25

26    ---oOo---

27

28

COPY

EXHIBIT 3
PAGE 15

2

SAN JOSE, CALIFORNIA                                    May 30, 2007

P R O C E E D I N G S

THE COURT:  Number 20, People versus Howard
Ralph Herships.

THE DEFENDANT:  Appearing pro per, Your Honor.

THE COURT:  I read the motion.  And in essence
you want $4,500 for one expert and $5,000 -- it's $4,500
for an expert on the visibility of the defendant at 300
feet and $5,000 for a tool expert.

THE DEFENDANT:  Correct, Your Honor.  I also
need my private investigator to interview the witnesses
because I'm not allowed to interview them.  Judge
Cunningham originally appointed Mr. Anderson in the case
but never funded and I gave him $600.

THE COURT:  So how much additional money do you
need for the private investigator?

THE DEFENDANT:  Another $4,000.

THE COURT:  To interview witnesses.

THE DEFENDANT:  Correct, Your Honor.

THE COURT:  Okay.  Mr. Herships, I read the
papers.  I think the sums are not realistic, so the motion
is denied.  If you come back with a more realistic
number --

THE DEFENDANT:  Well, that's what they quoted
me.  That's the only thing I can go by.

THE COURT:  I understand.  But to me the budget
is too high.  The motion is denied.

THE DEFENDANT:  Well, can I get a minute order

PAGE 16

3

1    because I'm actually in Federal Court on June 5th on the
2    same issue.
3                THE COURT:    You may.
4                THE DEFENDANT:    Okay.
5                THE COURT:    But if you come back with a better
6    budget I'll take another look at the papers.    Thank you.
7            (Whereupon, the proceedings were concluded.)
8
9                        ---oOo---
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

17

4

1  STATE OF CALIFORNIA   )
                         )    ss.
2  COUNTY OF SANTA CLARA )

3

4

5      I, TINA M. WHITE, HEREBY CERTIFY: That I was the

6  duly appointed, qualified Shorthand Reporter of said Court

7  in the above-entitled action taken on the above-entitled

8  date; that I reported the same in machine shorthand and

9  thereafter had the same transcribed through computer-aided

10  transcription as herein appears, and that the foregoing

11  typewritten pages contain a true and correct transcript of

12  the proceedings had in said matter of Case Number BB517233

13  at said time and place to the best of my ability.

14      Pursuant to Government Code Section 69954(d), any

15  Court, party, or person shall not otherwise provide or

16  sell a copy or copies of this transcript to any other

17  party or person.

18      I further certify that I have complied with CCP

19  237(a)(2) in that all personal juror identifying

20  information has been redacted if applicable.

21

22      Dated this 22nd day of June, 2007

23



24

25  _____

26  TINA M. WHITE
    Certified Shorthand Reporter
27  C.S.R. No. 9141

28

18

EXHIBIT 4
MINUTE ORDER DENYING ALL FUNDING
OF AN INDIGENT PRO SE CRIMINAL
DEFENDANT'S REQUEST FOR FUNDING
OF "HIS DEFENSE"
BEFORE SANTA CLARA COUNTY
SUPERIOR COURT
WHICH DENIED SAID REQUEST BASED
UPON LACK OF FUNDING
PAGES 19

```
-5    PALO ALTO FAC                              CASE NO.        BB517233
      270 GRANT AVENUE                  JTC :    CEN             05531125
      PALO ALTO, CA 94306      DATE     09/28/2007  1:30 PM DEPT. 89
OPLE VS.  HOWARD RALPH HERSHIPS         11/11/1943 CAS0B63297           CDY BKeN
CA.   135                FELL ST        CLERK    TRIAL SETTING          DVW717 M
      SAN FRANCISCO, CA 94319  HEARING  RITA ALVAREZ
DGE   HON. KURT E. KUMLI     DV:  AGENCY PA-04312-M0550-MCADAMS
PORTER  VIVIAN SOUTHARD       CHILD:  STATUS  0-BB  -10000/H3
F. ATTY.  PRO PER       D.A.           APO                      TW   Y
HARGES  M(001)PC594(A)/(B)(1)  Homrg
                                              VIOLATION DATE
                                              10/24/2005
NEXT APPEARANCE                    Per Per            am 1 89
```

NEXT APPEARANCE ___ 1.14.08  830

VIOLATION DATE 10/24/2005

☑ Defendant Present ☐ Not Present          ☐ Atty Present
☐ Arr'd ☐ Adv ☐ Arr Wav ☐ Amend CompInfo ☐ Arr ☐ Plea ☐ IDC ☐ PTC ☐ Prob / Sent
☐ PC977 ☐ Filed ☐ On File ☐ Reptr. Ack / Wav ☐ Bail/ OR/ SORP ☐ Ref to Rpt ☐ FAR/ ERC
☐ NG ☐ Entered by CRT ☐ NGBRI / Adv      ☐ PSal ☐ Prelim ☐ Readiness ☐ S / B MTC
☐ Denies Priors/ Allegations/ Enhancements/Refusal ☐ Further ☐ Jury ☐ CT ☐ Pen / Def Wav Jury
☐ TW ☐ TNW ☐ TW / WD ☐ TW Sentence    ☐ Ref'd ___
☐ Ref / Appt PD / AD / Legal Aide ☐ Conflict Decl ☐ APO / Prop 36 ☐ P36 Re-Assm't
☐ Relieved ___ ☐ Appt'd ___
☑ Hrg on Motion  ex parte application  ☐ Strip Proc Susp ☐ Reln
☐ Granted ☒ Denied ☐ Submitted ☐ Off Cal ☐ Subm on Report ☐ Found ___
☐ Stip to Comm ☐ Drs. Appointed ___    ☐ Max Term ___ ☐ Committed ___
☐ Prelim Wav ☐ Certified to General Jurisdiction ☐ MOA / COM Amended to ___
☐ Amended to ☐ (M) VC12500(a) / VC23103(a) ☐ Pur VC23103.5 ☐ OA Stmt Filed  Other: ___

PLEA Conditions: ☒ None ☐ Plea ☐ PC17 after 1 Yr Prob ☐ Includes VOP ___    ☐ Add to Cal
☐ Jail / Prison Term  for appointment of expert witnesses + fund.
☐ Dismissal / Striking ___ for private investigator + service  ☐ S/O Sent ☐ Harvey Stip
☐ Adv ☐ Max Pen ☐ Parole/Prob ☐ Appeal ☐ Immig ☐ Reg PC290/HS11590/PC457.1/PC186.30 ☐ Future Serious Felony ☐ PC2021 (110) ☐ VC14607.6/PC6
☐ Wav Right to ☐ Counsel ☐ Court / Jury Trial ☐ Subpoena / Confront / Examine Witnesses ☐ Self-incrimination ☐ Written Waiver filed ☐ Plea / Absentia file
☐ COP ☐ GUILTY ☐ NOLO CONTENDERE to charges & admits enhancements / allegations / priors ☐ PC17 ☐ Attwdle ☐ Factual Basis found ☐ Findings stale
☐ Prop 36 Granted / Unamenable / Refused / Term ☐ DEJ Eligibility Filed ☐ DEJ Granted / Reln / Term  Fee $ ___ ☐ Guilty Plea Reinder
☐ Waives Referral ☐ Ref'd to APO Full Rpt ☐ PROBATION DENIED    FINES/FEES: PAY TO ☐ Ref to DOR ☐ COURT ☐ TODAY
☐ Sentenced to ___ State Prison/County Jail ☐ Sent Suspended ___    COUNT ___ $ ___ + PA $ ___    ☐ Pura HS11350d
PROBATION ☐ Execution ☐ Imposition of sentence suspended for probation period    COUNT ___ $ ___ + PA $ ___
☐ COURT ☐ FORMAL PROBATION GRANTED for ___ Days / Mos / Yrs    AIDS / CPP $ ___ + PA $ ___
☐ Report to APO within ___ Days ☐ Terminated ☐ Upon Release    DPF $ ___ + PA $ ___
☐ Perform ___ Hrs Volunteer Work as directed PO / SAP / CAP ☐ In lieu of fine    LAB $ ___ + PA $ ___
☐ Not drive w/o valid DL & Ins ☐ Adv VC23600 ☐ HTO ☐ Delete FOP/MOP    DRF /RF $ ___ Add'l RF $ ___ Susp'd PC1202.4
☐ MOP ☐ FOP ☐ 12 hrs ☐ 3 mos ☐ 6 mos  Enroll within ___ days    AEF $ ___ Original Fine $ ___
☐ DL Susp/ Restr'd/ Rvk'd for ___ ☐ To, from, during Work/AlcoPrg/Jail/Sch/App    SECA $ ___ CTS PC2900.5 $ ___
☐ IID Not Ordered/ Rmv'd Term ___ Yrs ☐ DSA thru APO / DOR / CRT ☐ Filed    NC $ ___ TOTAL DUE $ ___
☐ No contact with victim / co-defts unless appr by APO ☐ PC1202.05    ASF /CPF $ ___ Payments Granted / Modified
☐ DVPO Issued / mod /term'd Exp ___ ☐ Victim Present    AR $ ___ $ ___ / Mo beginning ___
☐ Not own/possess deadly weapons ☐ Destroy / Return Weapon ___    SHELTER $ ___ FINE STAYED ___
☐ Submit Search/Testing ☐ Educ/Voc Trng/Empl ☐ No alcohol / drugs or where sold    DV $ ___ Committed @ $ ___ /day ☐ May Pay O
☐ Substance Abuse, DV, Psych, Parenting, Anger Mgmt, Theft / prgm    ATTY $ ___ Consec/Conc to ___
☐ PC296 (DNA) ☐ PC1202.1 HIV Test / Education    $ ___ Fine / Fees ☐ Deemed Satisfied ☐ Commut
VOP: ☐ Wav ☐ Arr'd ___ ☐ Admits/Denies Viol ☐ Court Finds VOP / No VOP    P/INVEST $ ___
Prob Reln / Mod / Term'd / Revoked / Remains Revoked / Ext to ___    CJAF $ ___ ☐ P/SUP $ ___ /Mo ☐ Waive
☐ Original Terms & Conditions Except as Amended herein    ☐ Restitution $ ___ to ___
☐ Co-terminous with ___ ☐ No Further Penalties / Reviews    ☐ To be determined by APO/Court ☐ Referred to VWAC ☐ Collect Civi
JAIL/PRISON ☐ See Attachm't Pg for Add'l Orders, Charges, PC1385 Reasons    County Jail

| Count | F/M | Violation | Prison Term / Yrs | Enhancement / Priors | Yrs / Styd / Strkn | HRS / DAYS / MOS |
|-------|-----|-----------|-------------------|----------------------|--------------------|--------------------|
|       |     |           |                   |                      |                    |                    |
|       |     |           |                   |                      |                    |                    |
|       |     |           |                   |                      |                    |                    |
|       |     |           |                   |                      |                    |                    |

| Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Total |
|-------------|-------|-------------|-------|-------------|-------|-------------|-------|-------------|-------|-------|
|             |       |             |       |             |       |             |       |             |       |       |

CTS = ___ ACT + ___ ☐ PC4019 ☐ PC2933.1 = ___ TOTAL DAYS ___ TOTAL TERM ___
☐ Straight time ☐ In Camp ☐ WWP ☐ PC1209 Fees ☐ Waived ☐ Court Rec ___ All / Except ☐ EMP/PSP/WF/ERP/DRP/Co Parole/NP ___
☐ Sent Deemed Served ☐ Rpt to Local Parole ☐ Adv of ___ Yrs Parole/Appeal Rights ☐ Consec ☐ Conc to ___
☐ Bal CJ Susp ☐ All but ___ Hrs/Days/Mos ☐ On Cond Complete Residential Treatment Prgm ☐ Serve Consec MO/TU/WE/TH/FR/SA/SU ___
☐ Pre-process ___ AM/PM ☐ Stay / Surrender / Transport to ___ @ ___ AM/PM or Soone
☐ REMANDED-BAIL $ ___ ☐ NO BAIL ☐ COMMITTED ☐ RELEASED ☐ OR ☐ SORP ☐ DOC TO CONTACT JAC FOR ASSM'T ☐ P36
☐ AS COND OF SORP ☐ BAIL INCREASED / REDUCED ☐ TO PRGM AS REC BY JAC-DOC TO TRANSPORT FOR BALANCE OF JAIL ☐ UPON AVAIL BE
PROMISE TO APPEAR: I will appear at all times and places as ordered by the Court, and have read and understand all conditions set forth on the reverse side.
BY ___ DEFENDANT

EXHIBIT 4
PAGE 19

EXHIBIT 5
REPORTER'S TRANSCRIPT OF HEARING
DENYING ALL FUNDING OF AN
INDIGENT PRO SE CRIMINAL
DEFENDANT'S REQUEST FOR FUNDING
OF "HIS DEFENSE"
BEFORE SANTA CLARA COUNTY
SUPERIOR COURT
WHICH DENIED SAID REQUEST BASED
UPON LACK OF FUNDING
PAGES 20-24

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

BEFORE THE HONORABLE KURT E. KUMLI, JUDGE

PALO ALTO FACILITY

DEPARTMENT 89



---000---

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) ) ) | CASE NO.: BB517233 |
| PLAINTIFF, | ) ) | CHARGE: M(001)PC594(A)(B)(1) |
| VERSUS, | ) ) | |
| HOWARD RALPH HERSHIPS, | ) ) | |
| DEFENDANT. | ) ) ) | |

---000---

REPORTER'S TRANSCRIPT OF PROCEEDINGS

FRIDAY, SEPTEMBER 28, 2007

A P P E A R A N C E S:

FOR THE PEOPLE:                OFFICE OF THE DISTRICT ATTORNEY
                               BY: STACI HOMRIG
                                   DEPUTY DISTRICT ATTORNEY

FOR THE DEFENDANT:             IN PROPRIA PERSONA

OFFICIAL COURT REPORTER:       VIVIAN PELLA SOUTHARD
                               C.S.R. NO. 4806

EXHIBIT
5
PAGE 20

1

PALO ALTO, CALIFORNIA                    SEPTEMBER 28, 2007
SUPERIOR COURT                           AFTERNOON SESSION

P R O C E E D I N G S

THE COURT:  MR. HERSHIPS LINE 5.  THIS
MATTER'S ON FOR TRIAL SETTING, FOR AN EX-PARTE
APPLICATION FOR APPOINTMENT AND FUNDING OF EXPERT
WITNESSES AND THE PRIVATE INVESTIGATOR AND THE SERVICE
OF PROCESS ON WITNESSES.

Q    SIR, AT SOME POINT WITH RESPECT TO YOUR REQUEST
FOR FUNDING, DID YOU NOT MAKE THIS SAME APPLICATION AND
MOTION IN FRONT OF JUDGE RICE?

A    YES, I DID.  HE DENIED IT BEING UNREALISTIC FOR
THE COSTS INVOLVED.  AND I ATTEMPTED TO EXPLAIN TO HIM
I DON'T SET THE PRICES.  I TOLD THE EXPERT THAT I HAVE
NO FUNDS TO PAY THAT AND IT WOULD BE AT COUNTY EXPENSE.
AND HE SAID, "THAT'S THE FEE I CHARGE."

THE PROBLEM THAT I HAVE ON THIS CASE, YOUR
HONOR, IS THAT MY PLAN IS TO GO UNDER A 402 MOTION OF
THE EVIDENCE CODE, BECAUSE THE TWO WITNESSES TESTIFIED
AT THE FIRST PRELIMINARY HEARING THAT THEY WERE INSIDE
THE BUILDING AND THE DISTANCES INVOLVED ARE IN EXCESS
OF 300 FEET.  YET, THEY PLAINLY STATED THAT THEY HAD
FACIAL RECOGNITION OF ME SMILING AND LAUGHING.  THEY
OBSERVED MY GLASSES WHICH IS, BASICALLY, PHYSICALLY
IMPOSSIBLE, ACCORDING TO MR. LOFTUS WHO I HAD SENT THE
POLICE REPORT TO AND ALSO PORTIONS OF THE TRANSCRIPT.
I JUST DON'T SEE HOW THIS CASE CAN GO FORWARD WITHOUT

VIVIAN PELLA SOUTHARD, C.S.R. NO. 4806

2 /

2

1    AN EXPERT ON THE ISSUE.

2    Q    WELL, THE ISSUE, OF COURSE, BEFORE THIS COURT --

3    A    I DIDN'T HEAR YOU.

4    Q    I SAID THE ISSUE BEFORE THIS COURT IS BASED ON THE

5    FACT THAT YOU ALREADY MADE AN APPLICATION FOR THE

6    APPOINTMENT AND FUNDING OF EXPERT WITNESSES, THE

7    FUNDING OF A PRIVATE INVESTIGATOR AND THAT THAT MOTION

8    WAS MADE IN FRONT OF ANOTHER SUPERIOR COURT JUDGE AND

9    WAS RULED ON BY ANOTHER SUPERIOR COURT JUDGE.  IN THE

10   ABSENCE OF ANY CHANGE OF FACT, CIRCUMSTANCES OR LAW,

11   THE COURT IS NOT GOING TO OVERRIDE OR RULE ADVERSELY

12   AGAINST AN ORDER PREVIOUSLY MADE AND APPROPRIATELY

13   RAISED IN FRONT OF ANOTHER MAGISTRATE.

14         FOR THAT REASON THE MOTION --

15   A    I THINK THAT THE JUDGE SAID THAT I COULD REAPPLY.

16   Q    -- THE MOTION WILL BE DENIED.

17         A JURY TRIAL IN THIS MATTER WILL BE SET ON

18   JANUARY 14TH AT 8:30 IN THIS DEPARTMENT.

19   A    SO COULD I GET A TRANSCRIPT OF THIS?

20   Q    YOU MAY.

21   A    I WANTED TO POINT TO THE COURT'S ATTENTION THE

22   FACT THAT MY CASE WENT BEFORE THE U.S. SUPREME COURT,

23   AND IT GOES BACK AGAIN FOR MORE VOTING ON THE ISSUE.

24   Q    VERY WELL.  AND, OBVIOUSLY, THE JURY TRIAL DATE OF

25   JANUARY 14TH WILL BE CONTINGENT UPON THE OUTCOME OF

26   THOSE HEARINGS, PERHAPS.  AND WITH THAT THE CALENDAR IS

27   CONCLUDED.

28   A    I WOULD IMAGINE THAT WE HAVE TO STOP THE

VIVIAN PELLA SOUTHARD, C.S.R. NO. 4806

22

3

1    PROCEEDINGS.

2    Q    THAT'S WHY I SAID "PERHAPS."    THERE ARE A VARIETY

3    OF THINGS THAT THE COURT CAN DO IN TAKING MATTERS UNDER

4    SUBMISSION AND MAKING ITS RULINGS AND FINDINGS.

5         THAT CONCLUDES THE CALENDAR.

6         (WHEREUPON, PROCEEDINGS CONCLUDED.)

7              ---oOo---

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VIVIAN PELLA SOUTHARD, C.S.R. NO. 4806

23

4

1    STATE OF CALIFORNIA    )
                            )    SS.
2    COUNTY OF SANTA CLARA  )

3

4            I, VIVIAN PELLA SOUTHARD, DO HEREBY CERTIFY
5    UNDER PENALTY OF PERJURY THAT:

6            I AM AN OFFICIAL SHORTHAND REPORTER OF THE
     SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE
     COUNTY OF SANTA CLARA, AND THAT AS SUCH I REPORTED IN
7    STENOTYPE THE PROCEEDINGS HAD IN THE WITHIN-ENTITLED
     MATTER AT THE TIME AND PLACE THEREIN SET FORTH; AND THAT
8    THE SAME IS A FULL, TRUE AND CORRECT TRANSCRIPTION OF
     SAID STENOTYPE AS REPORTED BY ME TO THE BEST OF MY
9    ABILITY.

10           I FURTHER CERTIFY THAT I HAVE COMPLIED WITH
     CCP 237(A)(2) IN THAT ALL PERSONAL JUROR IDENTIFYING
11   INFORMATION HAS BEEN REDACTED, IF APPLICABLE.

12

13

14       DATED THIS 1ST DAY OF OCTOBER 2007.

15

16

17                        VIVIAN PELLA SOUTHARD, CSR-4806

18

19   ATTENTION:

20       CALIFORNIA GOVERNMENT CODE
         SECTION 69954(O) STATES:

21       "ANY COURT, PARTY OR PERSON WHO HAS PURCHASED A
     TRANSCRIPT MAY, WITHOUT PAYING A FURTHER FEE TO THE
22   REPORTER, REPRODUCE A COPY OF PORTION THEREOF AS AN
     EXHIBIT PURSUANT TO COURT ORDER OR RULE, OR FOR INTERNAL
23   USE, BUT SHALL NOT OTHERWISE PROVIDE OR SELL A COPY OR
     COPIES TO ANY OTHER PARTY OR PERSON."

24

25

26

27

28

         VIVIAN PELLA SOUTHARD, C.S.R. NO. 4806

24

# EXHIBIT 6
# DENIAL OF WRIT OF MANDATE
# BY THE CALIFORNIA COURT OF APPEAL
# SIXTH APPELLATE DISTRICT
# DENYING ALL FUNDING FOR A
# INDIGENT SELF REPRESENTED
# CRIMINAL DEFENDANT
# PAGES 25

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

HOWARD HERSHIPS,

    Petitioner,

    v.

THE SUPERIOR COURT OF
SANTA CLARA COUNTY,

    Respondent;

THE PEOPLE,

    Real Party in Interest.

H032132
(Santa Clara County
Super. Ct. No. BB517233)



FILED

NOV 6 – 2007

MICHAEL J. YEARLY, Clerk

By _____
DEPUTY

BY THE COURT:

    The petition for writ of mandate and the request for stay are denied.


    (Premo, Acting P.J., Elia, J., and Duffy, J., participated in this decision.)


Dated _____ **NOV 6 – 2007** _____      **PREMO, J.** _____ Acting P.J.


EX HIBIT 6

PAGE 25

# EXHIBIT 7
# DENIAL OF PETITION FOR REVIEW
# BY THE CALIFORNIA SUPREME COURT
# DENYING ALL FUNDING FOR A
# INDIGENT SELF REPRESENTED
# CRIMINAL DEFENDANT
# PAGES 26

Court of Appeal, Sixth Appellate District - No. H032132
S158085

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

HOWARD HERSHIPS, Petitioner,

v.

SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;

THE PEOPLE, Real Party in Interest.

The application for stay and petition for review are denied.

SUPREME COURT
**FILED**

DEC **1 9** 2007

Frederick K. Ohlrich Clerk

Deputy

**GEORGE**

Chief Justice

*EXHIBIT 7 PAGE 26*

E-filing

**MMC**

JS 44 (Rev. 12/07) (cand rev 1-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

HOWARD HERSHIPS

## DEFENDANTS

SANTA CLARA COUNTY SUPERIOR COURT

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

SAN FRANCISCO

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

IN PRO SE

Attorneys (If Known)

ATTORNEY GENERAL OF CALIFORNIA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | or Defendant) | Act |
| ☐ 240 Torts to Land | Accommodations | ☒ 530 General | | ☐ 871 IRS—Third Party | ☐ 900Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
TITLE 28 USC 2254

Brief description of cause:
FED. HABEAS

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE  2/19/2008

SIGNATURE OF ATTORNEY OF RECORD
Howard Herships