1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HOWARD R. HERSHIPS,                    )    No. C 08-0992 MMC (PR)
                                       )
                 Petitioner,           )    **ORDER OF DISMISSAL**
                                       )
v.                                     )
                                       )
SANTA CLARA COUNTY SUPERIOR            )
COURT,                                 )
                                       )
                 Respondent.           )
_____    )

On February 19, 2008, petitioner, a California prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is being prosecuted in state court for violating California Penal Code § 459; he is set to go to trial before a jury in the Santa Clara County Superior Court on March 17, 2008. Petitioner claims he is being denied his right to self-representation because the state court has denied him adequate funding to prepare his defense.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-46 (1971); see also Carden v. Montana, 626 F.2d 82, 84 (9th Cir.1980) (applying Younger to habeas petition challenging state pretrial proceedings). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional

issues. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432

(1982). The rationale of Younger applies throughout appellate proceedings, requiring that

state appellate review of a state court judgment be completed before federal court

intervention is permitted. See Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11 (1975).

Here, criminal proceedings are pending against petitioner in state court and there is no

indication that petitioner does not have an adequate opportunity to present his claim in those

proceedings. In fact, petitioner alleges that he has presented his claim by way of state habeas

corpus to the Superior Court, the California Court of Appeal, and the California Supreme

Court. Moreover, petitioner has made no showing that extraordinary circumstances exist that

would require federal intervention. See Younger, 401 U.S. at 46 (holding extraordinary

circumstances exist when there is danger of great and immediate irreparable loss; holding

cost, anxiety and inconvenience of defending against good-faith criminal prosecution not

extraordinary circumstance requiring federal intervention); see also Carden, 626 F.2d at 84

(holding federal intervention appropriate only under "special circumstances" such as proven

harassment, bad faith prosecution, or other extraordinary circumstances resulting in

irreparable injury).

As a decision on the instant federal petition would interfere with the criminal

proceedings pending against petitioner in state court, the petition is hereby DISMISSED.

The dismissal is without prejudice to petitioner's filing a new federal habeas petition once his

state criminal proceedings are completed and he has exhausted state court remedies

concerning all claims he wishes to raise in federal court.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: February 27, 2008

MAXINE M. CHESNEY
United States District Judge

2