Howard Herships
P.O. Box 190711
San Francisco, Ca 94119-0711
(415) 216-8470

In Pro Se

**FILED**
MAR 11 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Howard Herships,<br><br>      Petitioner,<br><br>vs<br><br>Superior Court of California<br>County of Santa Clara,<br><br>      Respondent. | CASE No. C-08-0992 MMC<br><br>NOTICE OF APPEAL AND<br>REQUEST FOR A CERTIFICATE<br>OF APPEALABILITY PURSUANT<br>TO 28 U.S.C. § 2253 ( c ) (2) |

    Petitioner herein appeals the summarily dismissal of his Federal Habeas Corpus petition on Feb. 27, 2008 seeking a stay pursuant to Title 28 U.S.C. Section 2251 to the United States Court of Appeal's for the Ninth Circuit pursuant to Title 28 U.S.C. Section 2253 ( c ) (2) on the basis that there was substantial showing of a denial of a constitutional right.

    Petitioner seeks a Certificate of Appealability upon the showing in this case that while petitioner was granted his right to represent himself under Faretta the respondent court refused to fund any and all requests to prepare a defense to an indigent criminal defendant including the following;

    1. No reporters' transcripts of preliminary hearing.

    2. No compulsory service of process for records and witnesses.

*Notice of Appeal and Request for Certificate of Appealability*

1    3. No funding for a private investigator to interview witnesses.

2    4. No appointment of Expert Witness dealing with the long distance identification made at over 300 feet away so that petitioner can place in contest the actual ability of said witnesses to even see anything.

5. No opportunity to prepare any defenses or motions in limine to contest if the two purported witnesses were even capable of seeing anything as it was there perception.

Respondent Court denied these rights based upon lack of funding in their budget and justified because of budgetary problems.

The Question is can a Court totally deny these federal constitutional rights based upon lack of funding?

It is petitioner's contention herein that comity is not absolute prevention of federal habeas relief when the respondent court has acted in "Bad Faith" and in this case respondent court granted petitioner the right to represent himself but no means to put on his defense in this case.

It is petitioner's contention herein that petitioner must either go to a jury trial on March 17, 2008 in respondent court and without any opportunity to marshal a defense or be forced to accept legal counsel who only demands petitioner to enter a guilty plea.

Petitioner has shown that he has none of the federal constitutional rights at the come jury trial in this case and it is petitioner's contention that comity does not prevent a determination on the merits in such a case.

WHEREFORE, petitioner requests a Certificate of Appealability in this case to the Ninth Circuit Court of Appeal on these issues that comity does not prevent federal habeas jurisdiction when there is no opportunity for a indigent pro se criminal defendant to marshal any defense at a criminal trial and said denial is structural error, see Frantz vs Hazey ___F3rd ___, (9th Cir 1/22/08).

Dated March 10, 2008

Howard Herships

PROOF OF PERSONAL SERVICE

I declare as follows:

I am over the age of 18 years and not a party to the within action:

That I placed a true and correct copy of the Notice of Appeal and Certificate of Appealability addressed as follows:

California Attorney General Office
455 Golden Gate Ave Suite 11000
San Francisco, Ca 94102

I then delivered said envelop on March 11, 2008 during normal business hours to the above address.

I declare under penalty of perjury under the laws of the State of California that all of the foregoing is true and correct

Dated March 11, 2008
at San Francisco, California

_R Cater_